**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PATRICK BAYLIS,<br><br>          Petitioner - Appellant,<br><br>     v.<br><br>MATTHEW CATE,<br><br>          Respondent - Appellee. | No. 09-16715<br><br>D.C. No. 3:07-cv-05791-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 15, 2012[**]
San Francisco, California

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

     Patrick Baylis appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition based on an alleged violation of his Sixth Amendment right to

---

     [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counsel of his choosing. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1.     We assume without deciding that Baylis exhausted his claims and that his arguments are not waived. *See* 28 U.S.C. § 2254(b)(2).

2.     The state court's decision to deny Baylis' motion for substitution of counsel was neither contrary to nor involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Baylis' chosen counsel had previously represented Baylis' brother and the state court could reasonably determine that Baylis' defense strategy was likely to be that the brother committed the offenses for which Baylis was on trial. Under these circumstances, the state courts reasonably applied Supreme Court precedent in denying Baylis' request to substitute counsel. *See Wheat v. United States*, 486 U.S. 153, 164 (1988) (the presumption that a criminal defendant may have counsel of his choice "may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict"). The state court's finding of a conflict of interest also was not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

3.     The state court's determination that the brother's waiver "reflect[ed] no awareness of the nature and seriousness of the conflict involved" and was

therefore inadequate constituted a reasonable application of Supreme Court precedent. *See Wheat*, 486 U.S. at 163 (holding that district courts "must be allowed substantial latitude in refusing conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses").

**AFFIRMED.**